DeMaria Law Firm, A.P.C.
Anthony N. DeMaria, #177894
*ademaria@demarialawfirm.com*
1690 W. Shaw Ave. Suite 220
Fresno, California 93711
Telephone:     (559) 206-2410
Facsimile:     (559) 570-0126

Attorneys for Defendants LAKE ELSINORE
UNIFIED SCHOOL DISTRICT and DOUG
KIMBERLY, in his official capacity as
Superintendent

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANINE ANGEL, et al., | Case No. 2:21-CV-07333-ODW-PVC |
| Plaintiffs, | **DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE** |
| v. | |
| CINDY MARTIN, et al., | Complaint Filed: September 14, 2021 |
| Defendants. | Trial Date: None |

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

**TABLE OF CONTENTS**

PAGE

I.    INTRODUCTION ....................................................................................1

II.   ARGUMENT .........................................................................................1

      1.  Balance    of    Hardships    Still    Weights    in    Defendants'
          Favor........................................................................................1
              a.  There is No Ongoing
                  Harm...............................................................................1
              b.  Plaintiffs Seek An Advisory
                  Opinion...........................................................................1
              c.  Neither *Joshua* Nor *Susquenita* Support Plaintiff's
                  Position..........................................................................3
              d.  Stay Put Is Not Applicable in This Case Because School
                  Closures Were A District-Wide
                  Change...........................................................................4
              e.  The Ninth Circuit's Opinion in *Martinez* Will Affect the
                  Exhaustion Issue in This Case......................................6

III.  CONCLUSION........................................................................................8

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

# TABLE OF AUTHORITIES

**CASES**                                             **PAGE**

*Aetna Life Ins. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)……….2

*City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)…….2

*Del Percio v. Thornsley,* 877 F.2d 785, 786–87 (9th Cir.1989)………………………………2

*Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755, 197 L. Ed. 2d 46 (2017)……………………..6

*Hillblom v. United States,* 896 F.2d 426, 430 (9th Cir. 1990)……………………………..2

*Joshua A. v. Rocklin Unified School Dist.,* 559 F.3d 1036, 1038 (9th Cir. 2009)……………….3, 4

*Lewis v. Cuomo*, No. 20-CV-6316 CJS, 2021 WL 5989783, (W.D.N.Y. Dec. 16, 2021)…………..2

*Lockyer v. Migrant America's, Inc. et al.*, 398 F.3d 1098 (9th Cir. 2005)……………………1

*N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.,* 600 F.3d 1104, 1115 (9th Cir. 2010)……………………………………………………………4,5,6

*Susquenita Sch. Dist. v. Ralee S. ex. Rel. Heidi S.,* 96 F.3d 78, 87 (3d. Cir. 1996)……………3,4

*United Public Workers v. Mitchell,* 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947)……….2

**OTHER AUTHORITY**

Cal. Educ. Code § 56345(a)(9)…………………………………………………3

20 U.S.C. 1415(F)(1)(E)(i)……………………………………………………6

20 U.S.C. 1415(i)(2)(A) ……………………………………………………6

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

## I.   INTRODUCTION

In Plaintiffs' Response, Plaintiffs make two main claims: 1) this case involves ongoing harm; and 2) proceeding through stay put avoids the exhaustion requirement.  First, this case does not involve an ongoing harm. Second, Plaintiffs severely misunderstand stay put, as stay put is not applicable in this case. Moreover, Plaintiff's use of the IDEA's stay put as a vehicle in which to proceed only secures the position that these claims are deeply rooted in the IDEA, require exhaustion, and will be addressed in the Ninth Circuit's *Martinez* decision.

Both *Martinez* and *Angel* Plaintiffs contend that seeking statutory compliance allows them to avoid state exhaustion remedies. The Ninth Circuit is evaluating that contention and if it upholds the district court's decision, both sets of Plaintiffs in *Martinez* and *Angel* will be dismissed from the federal court dockets until they have exhausted state remedies. Thus, the result in *Martinez* will have a direct and dispositive impact on *Angel*.

## II.   ARGUMENT

### 1.   Balance of Hardships Still Weighs In Defendants' Favor

#### a.   There Is No Ongoing Harm

Plaintiffs cite to *Lockyer v. Migrant America's, Inc. et al.*, 398 F.3d 1098 (9th Cir. 2005) to support their contention that a stay should not issue in this case. In *Lockyer*, the court lifted an automatic stay induced by a bankruptcy filing, opining that the "ongoing ***and*** future" nature of the harm outweighed the benefit of the stay. Here, there is no ongoing harm. Students are back to in-person instruction. Plaintiffs explain that "if" there were another school closure (Response p. 10, line 8; p. 12, line 20) there could be IDEA violations. A possible future school closing is not an ongoing harm and therefore a stay is still appropriate in this matter.

#### b.   Plaintiffs Seek An Advisory Opinion

Plaintiffs seek 1) a declaratory judgment that the schools violated the IDEA; and 2) an order enjoining school districts from ceasing in-person instruction without the notice and procedural safeguards of the IDEA. The declaratory judgment, whether now or later, is not a time-sensitive issue and therefore is not a compelling reason to resist a stay.

The second remedy sought is an advisory opinion. Federal courts do not issue advisory

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

opinions. Defendants are not currently halting in-person instruction. Plaintiffs seek an order enjoining possible future behavior of the school districts. Thus, Plaintiffs are seeking an advisory opinion to halt possible future behavior based on hypothetical, and unknown facts or circumstances.

> "As is well known, the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues, 'concrete legal issues, presented in actual cases, not abstractions,' are requisite." *United Public Workers v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (citations omitted). *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) ("the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' "); *Del Percio v. Thornsley*, 877 F.2d 785, 786–87 (9th Cir.1989) *Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990); See also: *Lewis v. Cuomo*, No. 20-CV-6316 CJS, 2021 WL 5989783, at *7 (W.D.N.Y. Dec. 16, 2021)(Plaintiffs' demands for injunctive and declaratory relief, including the Eighth Cause of Action seeking injunctive and declaratory relief, are moot and must be dismissed.)

Hypothetically, if the school districts were to halt in-person instruction, this could be due to a number of differing issues: another outbreak of COVID-19 (Omicron); teacher/staff shortages related to COVID-19[1]; or wildfires, or other natural disasters[2]. Plaintiff's proposed anti-closure order might prohibit those closures, or it might not. However, the applicability of an "anti-closure

---

[1] "If you don't have enough staff to manage your students who are attending your school, then it won't be safe for students to attend," L.A. County Public Health Director Barbara Ferrer said. "As with the hospitals and the healthcare system, staffing shortage issues are really going to force [school] districts to make individualized decisions — based on who's available to help support students with their in-person learning." The goal, she said, is to keep schools open, but the issue is more complex than simply following safety measures on campus. https://www.latimes.com/california/story/2022-01-06/omicron-disrupts-schools-across-california

[2] In Southern California, many schools near Santa Barbara closed for more than two weeks due to wildfires in 2017. https://www.npr.org/sections/ed/2017/12/15/564058043/natural-disasters-and-the-implications-of-missing-so-much-school

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.
Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

order" on hypothetical future closures is largely an academic debate[3]. Presenting such a hypothetical to the Court requires the Court to offer an advisory opinion, not resolving any actual current controversy, which is why federal courts have long declined to offer advisory opinions.

### c.   Neither *Joshua* Nor *Susquenita* Support Plaintiff's Position

Plaintiffs cite *Joshua A. v. Rocklin Unified School Dist.,* 559 F.3d 1036, 1038 (9th Cir. 2009) and *Susquenita Sch. Dist. v. Ralee S. ex. Rel. Heidi S.,* 96 F.3d 78, 87 (3d. Cir. 1996) to support their assertion that a stay would defeat the plain stay put text. Plaintiffs miss the point of *Joshua* and *Susquenita*.

First, *Joshua* began with a due process filing, where parents first sought to exhaust administrative remedies. When Student disagreed with the ALJ's ruling, he appealed to the district court. Student alleged he was entitled to stay-put protections during the district court's proceedings. When he was not afforded those protections, he sued in the Ninth Circuit to uphold his right to stay put. The Ninth Circuit found Student was entitled to stay put during the review of the due process hearing.

Here, Plaintiffs have differing procedural standpoints. The operative First Amended Complaint (Dkt. 62) does not allege that any Plaintiff has filed a request for an administrative hearing at the Office of Administrative Hearings; rather, it simply alleges that each Plaintiff should be excused from doing so. Dkt. 62, p., 8, para. 11. Thus, Plaintiffs have not triggered the stay put protections as the Student in Joshua did, no Plaintiffs have a due process review pending in the District Court, and no Plaintiffs are able to point to an ongoing harm. Most importantly, *Joshua* was not contesting a district-wide decision. Thus, *Joshua* is not applicable here.

In *Susquenita*, Student triggered stay put by initiating a due process complaint. However, Student did not want the protections of stay put because the then-current placement was the very placement Student was contending failed her. Instead, Student opted to attend a private school

---

[3] Education Code section 56345(a)(9) also already addresses the provision of services to special education students during any potential future emergency situation and does not foreclose the possibility of in-person services in an emergency should a student's IEP team deem that appropriate.

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.
Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

during the pendency of the proceedings, and the District was required to foot the bill during the pendency of the proceedings since the then-current placement District offered was found to deny FAPE.

The facts in *Susquenita* only resemble this case in that there is a student and a school district involved. Here, not all Plaintiffs have triggered stay put by filing for due process. Here, Plaintiffs are requesting a blanket stay put order without regard to whether each student is asking for or is contesting a placement[4]. And again, Plaintiffs are contesting a prior district-wide decision, not an IDEA-related decision, and without an ongoing issue. Plaintiffs are also not contending that their current placement is not FAPE and not their stay put placement.

The differences in *Joshua*, *Susquenita* and *Angel* cannot be more apparent. Neither of these cases support Plaintiff's claim that stay put requires a denial of a stay in this case.

**d.    Stay Put Is Not Applicable in This Case Because School Closures Were A District-Wide Change**

Stay put does not apply to district-wide changes. In *N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.,* 600 F.3d 1104, 1115 (9th Cir. 2010), the Ninth Circuit found that the IDEA's goals were to prevent the exclusion of special education students from the general education classroom. In *N.D.*, the State of Hawaii shut down public schools for 17 Fridays in the 2009-2010 school year to alleviate a fiscal crisis. Student filed for due process and invoked stay put. Hawaii did not adjust the furloughs in response to stay put, meaning Student was going to incur those 17 days of shutdown (roughly a 10% reduction in school days). Student filed suit in district court alleging that the Hawaii Department of Education was continuing to violate his stay put protections by remaining closed on those 17 Fridays, despite his right to "stay put" in his then-current placement.

The district court found stay put did not apply because the school closure was district-wide

---

[4] Plaintiffs also do not provide any legal support for their assumption that the shift to implement an IEP through virtual means necessarily means a change in placement occurred that could trigger stay put protections.

4

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
ademaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

and did not impede Congress' goal to prevent equal access to special education students. Rather, the district-wide closures affected both the special education students' access and the general education students' access equally. The Ninth Circuit agreed:

> "We extract from the statute that the overarching goal of the IDEA is to prevent the isolation and exclusion of disabled children, and provide them with a classroom setting as similar to non-disabled children as possible." *N.D.*, 600 F.3d 1104, 1115 (9th Cir. 2010)

The Ninth specifically addressed "across the board" issues:

> When Congress enacted the IDEA, **Congress did not intend for the IDEA to apply to system wide administrative decisions**. Hawaii's furloughs affect all public schools and all students, disabled and non-disabled alike. An **across the board** reduction of school days such as the one here does not conflict with Congress's intent of protecting disabled children from being singled out. . . To allow the stay-put provisions to apply in this instance would be essentially to give the parents of disabled children veto power over a state's decisions regarding the management of its schools. The IDEA did not intend to strip administrative powers away from local school boards and give them to parents of individual children, and we do not read it as doing so. *N.D.*, 600 F.3d 1104, 1116–17 (9th Cir. 2010) (Emphasis added.)

Here, like *N.D.*, the school closures were district wide, even state wide. Special education students and general education students retained equal access to in-person instruction. (Except, as noted in the Motion for Stay, when some schools re-opened to their special education students earlier than their general education students.) The IDEA's stay put protection was not intended to interfere with the administrative powers of the local school boards and is thus not applicable to this case. Because stay put is not applicable, Plaintiffs cannot avoid exhausting state remedies and thus *Martinez* will offer controlling precedent. Although *Angel* Plaintiffs grasp at IDEA [stay put] protections, while simultaneously swatting away IDEA [state exhaustion] requirements, the Ninth Circuit's decision in *N.D.* avoids such gamesmanship altogether, declaring stay put does not apply to district wide closures.

///
///
///
///

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

e.     **The Ninth Circuit's Opinion in _Martinez_ Will Affect the Exhaustion Issue in This Case**

Plaintiffs seek to distinguish _Martinez_ from _Angel_ by claiming _Angel_ Plaintiffs are pursuing IDEA claims, and not FAPE claims. (Response, p. 13-14). Plaintiffs seek to establish this difference to suggest that IDEA claims (_Angel_ claims) do not require exhaustion, while FAPE claims (_Martinez_ claims) do. However, those two types of claims are synonymous. FAPE claims are IDEA claims. That is, Plaintiffs bring a cause of action under the IDEA, and the only basis for a claim under the IDEA is denial of FAPE.  See 20 U.S.C. 1415(F)(1)(E)(i) (administrative hearing officer decides whether students was denied FAPE) and 20 U.S.C. 1415(i)(2)(A) (private right of action under IDEA limited to parties aggrieved by the hearing officer's decision on that issue). More pointedly, exhaustion cases do not distinguish between FAPE and IDEA claims, but rather IDEA and non-IDEA claims, along with IDEA remedies and non-IDEA remedies, as stated in the Motion.

> Jurisdiction turns on the "gravamen," or "essentials," of the plaintiff's suit. . . . [A]ny other approach would allow plaintiffs to evade the Act's restrictions through artful pleading." (citation omitted.) So too here Section 1415(_l_) is not merely a pleading hurdle. It requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way. _Fry v. Napoleon Cmty. Sch._, 137 S. Ct. 743, 755, 197 L. Ed. 2d 46 (2017)

Here, Plaintiffs are presenting IDEA/FAPE-related claims. They have not established any difference between the two (indeed, they cannot), and therefore their claims are no different than the _Martinez_ claims. Both sets of Plaintiffs bring IDEA claims directly into federal court and both sets of Plaintiffs have failed to exhaust state remedies.

Here, Plaintiffs contend that proceeding with this lawsuit under the IDEA's stay put provision dispenses with their obligation to exhaust administrative remedies. In other words, Plaintiffs seek IDEA stay put protections, but ignore IDEA exhaustion requirements. They wish to proceed under the IDEA, while simultaneously avoid IDEA proceedings. That paradoxical conclusion is the exact conclusion _N.D._ (above) sought to resolve. If Plaintiffs' claims and remedies are beyond the IDEA because they involve a district-wide decision, and not a student-specific decision, stay put does not apply to those claims and remedies. If, however, Plaintiffs' claims are

6

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

indeed IDEA related, they must exhaust state remedies and once they file for due process, they will receive stay put protection[5]. Currently, no *Angel* Plaintiff has exhausted state remedies and therefore every *Angel* Plaintiff is in similar standing with the *Martinez* plaintiffs. *Martinez* will shed light either way *Angel* Plaintiffs decide to proceed.

///

///

///

///

///

///

///

///

///

///

///

---

[5] In Plaintiff's response, Plaintiffs admit that some have filed due process, some have settled (which does not exhaust state remedies) and some will have exhausted before the *Martinez* decision is published. This leaves some Plaintiffs in very different predicaments than other Plaintiffs.

Any student who has **already filed** for due process is entitled to stay put protections upon the filing and during the pendency of the **due process**. (Stay put does not apply unless and until a due process is filed.) However, there are some differences: 1) If the ALJ **has addressed** stay put, then student must address the preliminary injunction factors for this Court to address stay put for that student; 2) If the ALJ **has not addressed** stay put, but the due process is still pending in front of the ALJ, the Student must first file a motion for stay put under the ALJ; 3) If the ALJ **did not address** stay put in her final opinion or in another motion before her and Student wishes to appeal the due process decision, that Student is entitled to motion for stay put in the reviewing Court; 4) If the Student resolved the case in a **settlement agreement**, then the due process is no longer pending and stay put is no longer afforded. Settlement agreements do not exhaust state remedies and student would be entitled to proceed in this Court only with claims whose gravamen does not seek relief for an alleged denial of FAPE under the IDEA; Finally, 5) any student who **has not filed** for due process has not legally triggered stay put protections as stay put does not apply unless and until a due process is filed.

Thus stay put is not a remedy meant for a blanket order, but a remedy embedded in the IDEA's goal of an individualized approach for each student.

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE

DEMARIA LAW FIRM, APC.

Anthony N. DeMaria
idemaria@demarialawfirm.com

FRESNO, CA OFFICE
1690 W. Shaw Ave., Ste. 220
Fresno, California 93711
Telephone (559) 206-2410
Fax (559) 570-0126

### III.   CONCLUSION

Plaintiffs in *Martinez* and *Angel* contend that seeking statutory compliance with the IDEA avoids the IDEA's exhaustion requirement. If the Ninth Circuit upholds the ruling of the District Court in *Martinez*, the ruling will require Plaintiffs (in *Martinez* and *Angel* alike) to exhaust state remedies before seeking statutory compliance. *Angel* Plaintiffs will drop off this Court's docket until they have exhausted state remedies. Thus, the Ninth Circuit's opinion will directly impact the viability of the instant case.

Based on the foregoing, Defendants respectfully ask this Court to Grant the Motion for Stay.

DEMARIA LAW FIRM, A.P.C.

Dated:  January 21 , 2022

By:_____/s/ Anthony N. DeMaria
Anthony N. DeMaria
DeMaria Law Firm, A.P.C.
Attorneys for Defendants,  LAKE ELSINORE UNIFIED SCHOOL DISTRICT and DOUG KIMBERLY, in his official capacity as Superintendent

8

DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STAY ENTIRE CASE